UNITED STATES *v.* P. B. T. WILLIAMS (No. 3665) [1]

United States Court of Customs and Patent Appeals, November 6, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, Jr.,* special attorney, of counsel), for the United States.

*Tompkins & Tompkins* (*J. Stuart Tompkins,* of counsel) for appellee.

[Oral argument October 10, 1933, by Mr. Lawrence and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of brushes of the kind most commonly seen in barber shops where they are used by barbers principally for brushing hairs from the necks of customers

[1] T.D. 46776.

and, incidentally, for brushing them from the protective cloth, towel, or the like, used when the barber clips a customer's hair.

The entire importation embraced a variety of brushes, such, according to the appraiser's report, entitled "Answer to protest", as "nail, hair, eyebrow, complexion, cloth, military, and neck dusters", all of which were classified and assessed for duty by the Collector of Customs as toilet brushes under the language of paragraph 1506 of the Tariff Act of 1930, reading:

PAR. 1506. * * * other toilet brushes 1 cent each and 50 per centum ad valorem.

Two protests covering two different entries were filed by appellee. In one of these protests there is used, as indicating the merchandise whose classification by the collector is challenged, the somewhat uncertain phrase "certain brushes", while in the other, the phrase is "certain brushes or dusters." At the trial of the case, appellee's counsel expressly limited the protest "to the items invoiced as neck dusters."

As to these, appellee's claim is that they are dutiable at only 50 per centum ad valorem under the provision in said paragraph 1506, reading:

* * * all other brushes, not specially provided for, 50 per centum ad valorem.

The issue is thus resolved into one of whether the involved brushes are toilet brushes in a tariff sense.

The United States Customs Court sustained the protest, and the Government appeals.

In the course of its opinion the Customs Court says:

The term "toilet brushes" first appeared as a tariff *eo nomine* provision in the act of 1922 (par. 1407), and, so far as we have been able to discover, no judicial determination has been made as to what brushes might or should be classified within that term.

The opinion then reviews the testimony in the case and continues:

It is unnecessary to determine here what kinds of brushes are subject to classification under the *eo nomine* provision for toilet brushes.

We do not find ourselves in full concurrence with this latter statement. While it is neither essential nor proper that the court should here attempt to specify all brushes that may be toilet brushes, we deem it at least necessary to determine what toilet brushes are, for tariff purposes. Otherwise, we are unable satisfactorily to adjudge whether the articles involved are or are not of that class or kind.

It is the contention of the Government, as stated under point 1 of its brief, that—

The use should be the determining factor as to what is or what is not a "toilet brush", within the language and intent of Congress, as expressed in paragraph 1506.

The brief for appellee says:

We believe it to be true that the question of whether given brushes are or are not toilet brushes is properly to be determined by consideration of the facts showing how, by what persons, and for what purposes they are used, either exclusively or chiefly.

In other words, it appears to be the Government's contention that clipping the hair is a toilet operation, and that the chief use of the brushes at issue being as described, they are toilet brushes within the meaning of paragraph 1506, *supra*, while appellee, without definitely expressing any view as to whether hair clipping is a toilet operation, contends that since the brushes are not used chiefly by individuals upon themselves, but by barbers upon their customers, they do not come within the toilet-brush category. It is argued rather that the article is "a barber's tool of trade."

Funk & Wagnalls New Standard Dictionary, as the first definition of toilet, gives:

1. The process of dressing oneself, formerly especially of dressing one's hair.

To the same purport is the fourth definition of the word in Webster's New International Dictionary.

The clear implication of the quoted definition is that at one time when the word "toilet" was used, it was directly or especially connected with hairdressing, and that it has since, in the common understanding, become broader in meaning, including other operations in the process of dressing oneself. To express it differently, at one time emphasis was upon hairdressing, but in later usage the emphasis does not necessarily lie upon this one operation. However, there is nothing in the dictionary definitions tending to indicate that hairdressing is not still a toilet process.

Furthermore, we think it most reasonable to classify hair clipping as a part of hairdressing. To distinguish this operation from other operations with which it is so intimately associated would be a refinement in reasoning hardly justifiable, we think, in the light of the popular understanding and acceptance of terms relating to hairdressing.

We do not regard as tenable the suggestion that because the neck dusters are not ordinarily used by individuals upon themselves they are not toilet brushes. To so hold would imply that only such articles as are personally used or manipulated by one in making his or her toilet are toilet articles. This we cannot regard as a sound rule. It is not sanctioned by common usage and popular understanding. For example, a shaving brush, or a hair brush, in the hands of a barber is quite as much a toilet brush there as it is in the hands of the person who shaves himself or brushes his own hair. The ultimate end to be accomplished in the use of the brush is the same no matter by whom used, and that end is a toilet end, as the term

"toilet" is popularly understood and as it is defined by the standard authorities cited.

Upon the whole, we are of the opinion that, in view of the almost exclusive use of them shown by the record, the most reasonable and natural classification of the neck dusters involved is that of toilet brushes. We find nothing in the testimony which justifies any finding of a commercial designation different from common meaning.

It results therefore that the judgment of the court below is deemed erroneous and the same is *reversed*.

LENROOT, Judge, dissents.